**NOT FOR PUBLICATION**

FILED

SEP 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSANNE EDGMON and GARRETT EDGMON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant - Appellee. | No. 10-35538 <br><br> D.C. Nos.  3:07-cv-00154-JWS <br> 3:08-cv-00035-JWS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 29, 2011
Anchorage, Alaska

Before: B. FLETCHER, KLEINFELD, and CALLAHAN, Circuit Judges.

Susanne Edgmon and her husband Garrett Edgmon appeal from the district court's judgment following a bench trial in favor of the government in this medical malpractice action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

After Susanne was diagnosed with and treated for ovarian cancer, the Edgmons brought suit under Alaska law against the government pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674.[1] The Edgmons contended that doctors at Kanakanak Hospital ("Kanakanak") in Dillingham, Alaska, negligently failed to diagnose Susanne's ovarian cancer from at least October 2002 until January 2003, when she was diagnosed with ovarian cancer at a hospital in Anchorage. They claim they incurred various damages as a result of the allegedly late diagnosis. The district court determined that under the applicable Alaska Statute, AS 09.55.540, the Edgmons had the burden to show that Kanakanak's doctors breached the applicable standard of care and that this breach was the proximate cause of their injuries. Following a bench trial, the district court concluded that the doctors at Kanakanak breached the applicable standard of care by failing to perform an annual exam on Susanne consisting of (1) a pelvic exam; (2) a Ca-125 blood test; and (3) a pelvic ultrasound in either December 2001 or October 2002, but also found that the Edgmons had not shown by a preponderance of the evidence that those tests would have detected Susanne's ovarian cancer. In addition, the district court rejected the Edgmons' expert's contention that

---

[1] The parties are familiar with the facts of this case and we repeat them here only as necessary.

Susanne's ovarian cancer would have been detected had the doctors at Kanakanak referred her to a facility that had the equipment and capability to conduct a computerized tomography scan ("CT scan"). Instead the district court accepted the government's experts' contentions that a CT scan would not necessarily have detected the cancer. Because the Edgmons had not shown that the tests would have resulted in an earlier cancer diagnosis, the court concluded that they had failed to prove that Kanakanak's breach caused them any damages.

On appeal, the Edgmons contend that the district court erred: (1) by failing to find that had the doctors at Kanakanak performed the three annual exam tests or a CT scan at least in October 2002, Susanne's ovarian cancer would have been diagnosed earlier; and (2) assuming that the district court erred in its first conclusion, then it also erred by failing to award the Edgmons damages.

The district court's factual determinations are reviewed for clear error. Fed. R. Civ. P. 52(a)(6); *Yako v. United States*, 891 F.2d 738, 745 (9th Cir. 1989). A finding is clearly erroneous if the reviewing court, after reviewing "the entire record, is left with a definite and firm conviction that a mistake has been made." *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 838 (9th Cir. 1995). However, "[a]n appellate court must be especially reluctant to set aside a finding based on the trial judge's evaluation of conflicting lay or expert oral testimony." *Id.* (citations

-3-

omitted). We are bound by our standard of review. Under that standard, we cannot say that the district court clearly erred in its findings of fact or conclusions of law. Fed. R. Civ. P. 52(a)(6); *Yako*, 891 F.2d at 745.

The Edgmons contend that the district court should have given more weight to their evidence, particularly their expert's proffered testimony. Here, the Edgmons' expert was an internist with no specialized training in oncology. The government's experts were both gynecologic-oncologists. While the Edgmon's expert testified that some of Susanne's medical issues in October of 2002 were symptoms of ovarian cancer and that a CT scan administered at that time would have disclosed the cancer, the government's experts reached the opposite conclusion regarding both the symptoms and the CT scan. Where the Edgmons' expert's testimony regarding ovarian cancer symptoms differed from the government's experts' testimony, the district court accepted the government's experts' testimony.

The district court did not clearly err in giving greater weight to the government's experts' opinions. *See Beech Aircraft Corp.*, 51 F.3d at 838. Nor do we find any clear error in the weight given by the district court to any of the other evidence. Because the Edgmons have failed to show that the district court clearly erred in finding that Susanne's cancer would not have been detected had the annual

-4-

exam tests or the CT scan been administered in 2002, it follows that they cannot show damages from Kanakanak's negligence as the statutory proximate cause element is missing. *See* AS 09.55.540(a)(3) ("as a proximate result of . . . the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred").

**AFFIRMED.**